UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JONATHAN JUNIOR**                                                                **CIVIL ACTION**

**VERSUS**                                                                           **25-574-JWD-RLB**

**BENEDICT IDOWU, SR.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 28, 2025.

                                                        **RICHARD L. BOURGEOIS, JR.**
                                                        **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JONATHAN JUNIOR** | **CIVIL ACTION** |
| **VERSUS** | **25-574-JWD-RLB** |
| **BENEDICT IDOWU, SR.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Benedict Idowu, M.D.'s ("Defendant") Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction and Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (the "Motion to Dismiss"). (R. Doc. 3). Also before the Court are Jonathan Junior's ("Plaintiff") opposition and motion to add another defendant (R. Doc. 9, 10), and Defendant's reply in support of the Motion to Dismiss (R. Doc. 11).

On July 2, 2025, Plaintiff, proceeding *pro se*,[1] filed suit against Defendant in this Court, alleging only the following: "Reason for Sueing is diagnose Right Sendrom pain from nerve testing diagnose nerve and Muscle damage from Expert[.]" (R. Doc. 1). It appears from the complaint that Plaintiff and Defendant are Louisiana citizens, and Plaintiff failed to allege any monetary damage amount. *Id.* Plaintiff also listed no federal cause of action. *Id.* On July 17, 2025, Defendant filed the instant Motion to Dismiss, arguing that Plaintiff had not adequately established that this Court has jurisdiction, and had not stated a claim upon which relief could be granted. (R. Doc. 3). Defendant explained that he is a Louisiana citizen, and that the complaint revealed Plaintiff is at least a Louisiana resident. *Id.*

---

[1] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, they must comply "with relevant rules of procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper-Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (citation omitted).

2

Plaintiff submitted an opposition to the Motion to Dismiss on August 6, 2025, which was filed into the record twice. (R. Docs. 9; 10). Plaintiff argued against dismissal, but his only arguments were that he did not put an amount in controversy because he struggled with filling out the complaint due to prior brain damage. *Id.* Plaintiff also sought to add West Ascension Hospital as a defendant. *Id.*

In Reply, Defendant pointed out that Plaintiff still had not established jurisdiction or stated a cause of action on which relief could be granted. (R. Doc. 11). Defendant noted it appeared West Ascension Hospital was also a citizen of Louisiana. *Id.* On August 20, 2025, Plaintiff filed a status report, stating she was seeking $22.5 million dollars from each of the defendants. (R. Docs. 14; 14-1).

"[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)). "The burden of establishing federal jurisdiction rests on the party seeking the federal forum." *WestRock Co. v. Douglas,* No. 4:22-CV-2646, 2023 WL 8000333, at *3 (S.D. Tex. Sept. 28, 2023), *report and recommendation adopted sub nom. Westrock Co. v. Hernandez,* No. CV H: 22-2646, 2024 WL 990052 (S.D. Tex. Mar. 7, 2024) (citation omitted). "Federal question jurisdiction exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (citation omitted). "Diversity jurisdiction exists when no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds $75,000." *WestRock,* 2023 WL 8000333, at *3.

From this Court's review of Plaintiff's filings, it is apparent that, while Plaintiff seeks more than $75,000.00 dollars from the defendants, both Plaintiff and Defendant are Louisiana

3

citizens.² Thus, this Court has no diversity jurisdiction over the case. *See Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079 (5th Cir. 2008) (quotations and citation omitted) (emphasis added) ("Complete diversity requires that *all* persons on one side of the controversy be citizens of different states than all persons on the other side."). Further, the case appears to be a medical malpractice claim based purely on state law, and Plaintiff cites no federal law in support of his case. As a result, this Court also does not have federal question jurisdiction over the case.

### III.   Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the Motion to Dismiss (R. Doc. 3) be **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(1).³

**IT IS FURTHER RECOMMENDED** that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** to refiling in state court, and that Plaintiff's pending motion (R. Doc. 9) be denied as moot.

Signed in Baton Rouge, Louisiana, on August 28, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

² Plaintiff's address is 722 South Lobdell Hwy, Port Allen, Louisiana, 70767, and he does not claim to be a citizen of a state other than Louisiana. The same goes for Defendant, who appears to reside and work in Donaldsonville, Louisiana, and claims he is a citizen of Louisiana. (R. Docs. 1; 3-1).

³ "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted).